FELDMAN McLAUGHLIN THIEL LLP
Michael J. McLaughlin, State Bar No. 7089
178 U.S. Highway 50, Suite B
Post Office Box 1309
Zephyr Cove, NV 89448
(775) 580-7431 (Telephone)
(775) 580-7436 (Facsimile)
Email: mike@fmttahoe.com

Attorneys for Defendant JOSEPH STEWART

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SMC CONTRACTING, INC., a Nevada corporation; and RICHARD SCHALLER, an individual;<br><br>Plaintiffs,<br>vs.<br><br>JOSEPH STEWART, an individual; and DOES 1-5,<br><br>Defendants. | Case No.:<br><br>**NOTICE OF REMOVAL** |

TO:   THE CLERK OF THE UNITED STATES DISTRICT COURT

Defendant JOSEPH STEWART, by and through his undersigned counsel, hereby notices the removal of the following state court action to the United States District Court in and for the District of Nevada – Reno, and in support thereof states as follows:

1. Defendant is the sole defendant in the above-entitled action commenced on May 1, 2017, in the Second Judicial District Court of the State of Nevada in and for the County of Washoe (the "**State Court**"), Case No. CV17-00830, and now pending in the State Court.

2. Defendant was personally served with the Summons and Complaint on May 8, 2017. A true and accurate copy of the Summons and Complaint are attached hereto as <u>Exhibit A</u>. Thirty (30) days have not elapsed since Defendant was served with the Summons and Complaint.

3. No further proceedings have been had in this matter in the State Court.

4. Defendant is and was at the time this action was commenced a resident and citizen of the State of California, residing in South Lake Tahoe, California. (Exh. A, ¶ 3). Plaintiff SMC Contracting, Inc., is and was at the time this action was commenced a corporation organized in the State of Nevada with its principal place of business in Washoe County, Nevada. (Exh. A, ¶ 1). Plaintiff Richard Schaller is and was at the time this action was commenced a resident and citizen of the State of Nevada residing in Washoe County, Nevada. (Exh. A, ¶ 2). Accordingly, there is now and was at the time of commencement of this action complete diversity between Plaintiffs and Defendant.

5. Plaintiffs' Complaint asserts a claim for declaratory relief regarding the book value of Plaintiff SMC Contracting, Inc., and the amount Plaintiffs are obligated to pay to Defendant under a mandatory redemption provision of the parties' Shareholder Agreement (Complaint, ¶¶ 14, 17, 18, 21). Plaintiffs assert they are obligated to pay to Defendant the sum of One Hundred Fifteen Thousand One Hundred Fifty-Nine Dollars ($115,159) (Complaint, ¶ 18), while Defendant asserts substantially more is due and owing. Accordingly, the amount in controversy alleged by Plaintiffs exceeds $75,000, exclusive of interests and costs.

6. This Court has original jurisdiction over the subject matter of this action under the provisions of 28 U.S.C. § 1332 in that there is complete diversity between the parties and more than $75,000 in controversy exclusive of interests and costs. Pursuant to 28 U.S.C. § 1441, Defendant is entitled to remove this action to this Court.

7. Venue in this District is proper pursuant to 28 U.S.C. §1446(a) because this action is currently pending in the Second Judicial District Court of the State of Nevada in and for the County of Washoe.

8. A true and correct copy of this Notice of Removal is being filed this date with the Clerk of the State Court.

///
///
///

1  Based on the foregoing, Defendant JOSEPH STEWART removes the above action now
2  pending in the Second Judicial District Court of the State of Nevada in and for the County of
3  Washoe, Case No. CV17-00830, to the United States District Court in and for the District of
4  Nevada - Reno.

6  DATED: May 17, 2017              FELDMAN McLAUGHLIN THIEL LLP

8                                    By: _____
                                          Michael J. McLaughlin
9                                    Attorneys for Defendant JOSEPH STEWART

# EXHIBIT A

Code: 4085

IN THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

IN AND FOR THE COUNTY OF WASHOE

SMC CONTRACTING, INC. a Nevada corporation;
RICHARD SCHALLER, an individual.,
    Plaintiff / Petitioner / Joint Petitioner,

Case. No. CV17-00830

vs.

JOSEPH STEWART, an individual; and
DOES 1-5,
    Defendant / Respondent / Joint Petitioner.

Dept. No. 1

## SUMMONS

TO THE DEFENDANT: YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU <u>RESPOND IN WRITING</u> WITHIN 20 CALENDAR DAYS. READ THE INFORMATION BELOW VERY CAREFULLY.

    A civil complaint or petition has been filed by the plaintiff(s) against you for the relief as set forth in that document (see complaint or petition). When service is by publication, add a brief statement of the object of the action. See Nevada Rules of Civil Procedure, Rule 4(b). The object of this action is: _____.

1. If you intend to defend this lawsuit, you must do the following within 20 calendar days after service of this summons, exclusive of the day of service:
   a. File with the Clerk of the Court, whose address is shown below, **a formal written answer** to the complaint or petition, along with the appropriate filing fees, in accordance with the rules of the Court, and;
   b. Serve a copy of your answer upon the attorney or plaintiff(s) whose name and address is shown below.
2. Unless you respond, a default will be entered upon application of the plaintiff(s) and this Court may enter a judgment against you for the relief demanded in the complaint or petition.

Dated this _____ day of _____ MAY 0 1 2017 , 20___

Issued on behalf of Plaintiff(s):
    Kent Robison & Scott L. Hernandez
Name: Robison, Belaustegui, Sharp & Low
Address: 71 Washington St.
    Reno, NV 89503
Phone Number: 775-329-3151

JACQUELINE BRYANT
CLERK OF THE COURT
By: _____
    Deputy Clerk
Second Judicial District Court
75 Court Street
Reno, Nevada 89501

REVISED 11/2014 ER

1

SUMMONS

**DECLARATION OF PERSONAL SERVICE**
(To be filled out and signed by the person who served the Defendant or Respondent)

STATE OF _____ )
                         )
COUNTY OF _____ )

I, _____, declare:
   (Name of person who completed service)

1. That I am not a party to this action and I am over 18 years of age.

2. That I personally served a copy of the Summons and the following documents:

_____

_____

_____

upon _____, at the following
     (Name of Respondent/Defendant who was served)

address: _____

_____

on the _____ day of _____, 20____.
                       (Month)         (Year)

This document does not contain the Social Security Number of any Person.

I declare, under penalty of perjury under the law of then State of Nevada, that the foregoing is true and correct.

_____
(Signature of person who completed service)

FILED
Electronically
CV17-00830
2017-05-01 11:55:53 AM
Jacqueline Bryant
Clerk of the Court
Transaction # 6077018 : yviloria

$1425
KENT ROBISON, ESQ. – NSB #1167
krobison@rbsllaw.com
SCOTT L. HERNANDEZ – NSB #13147
shernandez@rbsllaw.com
**Robison, Belaustegui, Sharp & Low**
A Professional Corporation
71 Washington Street
Reno, Nevada 89503
Telephone:   775-329-3151
Facsimile:   775-329-7169
*Attorneys for Plaintiffs*

## IN THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

## IN AND FOR THE COUNTY OF WASHOE

| | |
|---|---|
| SMC CONTRACTING, INC., a Nevada corporation; RICHARD SCHALLER, an individual; | CASE NO.:   CV17-00830 |
| | DEPT. NO.:   1 |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| JOSEPH STEWART, an individual; and DOES 1-5, | |
| Defendants. | |

SMC Contracting, Inc. and Richard Schaller (collectively, the "Plaintiffs") allege as follows:

### GENERAL ALLEGATIONS

1.   Plaintiff SMC Contracting, Inc. is a Nevada corporation with its principal place of business located in Washoe County, Nevada and holds a Class B general contractors license by the California Contractors State License Board.

2.   Plaintiff Richard Schaller is an individual who resides in Washoe County, Nevada.

3. Defendant Joseph Stewart is an individual who resides in South Lake Tahoe, California.

4. Does 1 through 5, and each of them, are unknown to Plaintiffs at the present time, and the Plaintiffs therefore sue said Defendants by such fictitious names. Plaintiffs are informed and believe and thereon allege that each of the Defendants designated herein as Does are responsible for the claims and damages alleged herein. Once discovery has disclosed the true identities of such parties, Plaintiffs will seek leave of this Court to amend their Complaint to insert the true names and capacities of said Defendant Does 1 through 5, inclusive, to join such Defendants in this action.

5. SMC Contracting is a general contractor, which specializes in the construction of hotels and other structures used in the hospitality industry, as well as buildings used by the medical industry and schools. SMC Contracting primarily bids and performs construction work in and around Truckee, California and the California side of Lake Tahoe.

6. SMC Contracting was established by Mr. Schaller in or about 2000. Mr. Schaller is the qualified individual for SMC Contracting's general contractor license.

7. In or about May 2010, Mr. Schaller conveyed 49% of his shares in SMC Contracting to Defendant Stewart, subject to a Shareholder Agreement. To date, Mr. Schaller is the owner of 51% of SMC Contracting's stock and Defendant Stewart owns 49% of SMC Contracting's stock.

8. Defendant Stewart was also made an officer of SMC Contracting in or about May 2010.

9. Defendant Stewart is currently associated with and is designated as an officer under SMC Contracting's license with the California Contractors State License Board.

10. As a 49% shareholder and officer of SMC Contracting, Defendant Stewart owes fiduciary duties, including, but not limited to, the duties of full disclosure, candor, and loyalty, to SMC Contracting and Mr. Schaller.

11. As the vice president of SMC Contracting, Defendant Stewart often bid, negotiated, and executed contracts on behalf of SMC Contracting.

Robison, Beloustegui, Sharp & Low
71 Washington St
Reno, NV 89503
(775) 329-3151

12. Defendant Stewart also performed extensive work as a project manager for SMC Construction, Inc.—SMC Contracting's sister company—which builds in the State of Nevada.

13. On or about February 3, 2017, Defendant Stewart came to the Plaintiffs' principal offices at 1086 Greg Street in Sparks, Nevada. At this meeting, Defendant Stewart stated that he was ending his employment with SMC Construction and SMC Contracting in order to start a new general contracting business.

14. Upon termination of Defendant Stewart's employment with SMC Contracting, the mandatory redemption provisions of the Shareholder Agreement are triggered. Under the Shareholder Agreement, in absence of an agreement of the parties regarding the purchase price for SMC Contracting stock, Defendant Stewart's redemption price for his shares "shall be the book value of those Shares of Stock on the Valuation Date determined by the certified public accountant regularly engaged by [SMC Contracting]."

15. Plaintiffs thereafter learned that Defendant Stewart formed Defendant Sierracon, Inc. on or about May 2016 and has secured a general contractor license from the California Contractors State License Board.

16. Further, since Defendant Stewart's termination, Plaintiffs have audited the SMC Contracting construction projects that Defendant Stewart managed and supervised. There have been substantial claims against and losses incurred by SMC Contracting related to Defendant Stewart's negligent or grossly negligent management of SMC Contracting projects.

17. Plaintiffs accounted for certain contract retention and potential claims liability in its accounting of the book value of SMC Contracting, resulting in a book value of $1,363,413.85. Accordingly, Defendant Stewart was paid 25% of the value of his 49% share of SMC Contracting stock in the amount of $167,018.20 on or about March 30, 2017.

18. After the payment to Defendant Stewart, a substantial accounting error was discovered resulting in an adjusted book value of SMC Contracting of $575,871. Therefore, the remaining balance owed to Defendant Stewart is $115,159, which pursuant to the Shareholder Agreement will be paid in twenty-four (24) equal monthly installments.

19. Defendant Stewart has challenged the amount and process for determining SMC Contracting book value.

### FIRST CLAIM FOR RELIEF
(Declaratory Relief)

20. The Plaintiffs incorporate by reference all prior allegations of this Complaint as though set forth herein.

21. A dispute has arisen regarding the book value of SMC Contracting, the process for determining the book value of SMC Contracting, and whether losses incurred due to Defendant Stewart's misconduct and negligence should be accounted in SMC Contracting's book value.

22. Pursuant to NRS Article 30, Plaintiffs seek a declaratory judgment regarding the book value of SMC Contracting and the sums due Defendant Stewart in light of his conduct.

WHERFORE, Plaintiffs seek judgment against the Defendant, Joseph Stewart, as follows:

1. For declaratory relief, declaring the book value of SMC Contracting;
2. For declaratory relief, declaring the amount due and owing to Defendant Stewart;
3. For attorneys' fees and court costs; and
4. For all other necessary and appropriate relief as determined by this Honorable Court.

### AFFIRMATION
Pursuant to NRS 239B.030

The undersigned does hereby affirm that this document does not contain the social security number of any person.

DATED this 15th day of May, 2017.

ROBISON, BELAUSTEGUI, SHARP & LOW
A Professional Corporation
71 Washington Street
Reno, Nevada 89503

KENT R. ROBISON
SCOTT L. HERNANDEZ
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify on this 17th day of May, 2017, that the foregoing **NOTICE OF REMOVAL** was served via the Court's CM/ECF system on all parties or persons requesting notice.

Dated: May 17, 2017

By: _____
Lynsey DeSanto, employee of Feldman McLaughlin Thiel