FELDMAN McLAUGHLIN THIEL LLP
Michael J. McLaughlin, State Bar No. 161044
178 U.S. Highway 50, Suite B
Post Office Box 1309
Zephyr Cove, NV 89448
(775) 580-7431 (Telephone)
(775) 580-7436 (Facsimile)
mike@fmttahoe.com (Email)

Attorneys for Defendant and Counterclaimant
JOSEPH STEWART

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SMC CONTRACTING, INC., a Nevada corporation; and RICHARD SCHALLER, an individual;<br><br>Plaintiffs,<br>vs.<br><br>JOSEPH STEWART, an individual; and DOES 1-5,<br><br>Defendants | Case No.: 3:17-cv-00313-HDM-VPC<br><br>**DEFENDANT'S ANSWER TO COMPLAINT; COUNTERCLAIM FOR ACCOUNTING, DECLARATORY RELIEF, BREACH OF WRITTEN CONTRACT, AND BREACH OF FIDUCIARY DUTY** |
| JOSEPH STEWART, an individual;<br><br>Counterclaimant,<br>vs.<br><br>SMC CONTRACTING, INC., a Nevada corporation; and RICHARD SCHALLER, an individual; and ROES 1 through 10,<br><br>Counterdefendants. | |

Defendant JOSEPH STEWART hereby responds to the Complaint on file herein and admits, denies and alleges as follows:

## GENERAL ALLEGATIONS

1. Defendant admits the allegations of paragraph 1 of the Complaint.

2. Defendant admits the allegations of paragraph 2 of the Complaint.

3. Defendant admits the allegations of paragraph 3 of the Complaint.

4. Defendant lacks sufficient information and belief to admit or deny the allegations of paragraph 4 of the Complaint and on that basis denies those allegations.

5. Defendant admits the allegations of paragraph 5 of the Complaint.

6. Defendant admits the allegations of paragraph 6 of the Complaint.

7. Defendant admits the allegations of paragraph 7 of the Complaint.

8. In response to paragraph 8 of the Complaint, Defendant admits that he was formerly an officer of SMC Contracting; however, Defendant is not currently an officer, his employment with SMC Contracting having been terminated effective February 5, 2017.

9. Defendant denies the allegations of paragraph 9 of the Complaint.

10. Defendant denies the allegations of paragraph 10 of the Complaint.

11. Defendant admits the allegations of paragraph 11 of the Complaint.

12. Defendant admits the allegations of paragraph 12 of the Complaint.

13. Defendant admits that he met with Mr. Schaller on February 3, 2017, at SMC Contracting's principal office to discuss the possibility of starting his own general contracting business. Defendant denies the remaining allegations of paragraph 13 of the Complaint.

14. Defendant admits the allegations of paragraph 14 of the Complaint.

15. Defendant admits the allegations of paragraph 15 of the Complaint.

16. Defendant denies the allegations of paragraph 16 of the Complaint.

17. In response to the allegations of paragraph 17 of the Complaint, Defendant is informed and believes and, on that basis, admits that Plaintiffs accounted for certain contract retention and potential claims liability in their accounting of the book value of SMC Contracting, resulting in a book value of $1,363,413.85, and admits that he was paid $167,018.20 on or about March 30, 2017; however, Defendant denies the remaining allegations of paragraph 17 of the Complaint and asserts that Plaintiffs' accounting of the book value of SMC Contracting is inconsistent with the letter and spirit of the Shareholder Agreement, constitutes a breach of the Shareholder Agreement and a breach of fiduciary duty, and that the resultant book value of $1,363,413.85 is contrived and erroneous.

18. Defendant denies the allegations of paragraph 18 of the Complaint.

19. Defendant admits the allegations of paragraph 19 of the Complaint.

## FIRST CLAIM FOR RELIEF

### (Declaratory Relief)

20. Defendant incorporates each and every admission, denial and allegation contained in each and every preceding paragraph of this Answer as if fully set forth herein.

21. Defendant admits the allegations of paragraph 21 of the Complaint.

22. Paragraph 22 of the Complaint is a prayer for relief and not an allegation, and requires no response. To the extent that a response is required, Defendant admits that a declaratory judgment regarding the book value of SMC Contracting is necessary.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state facts sufficient to state a cause of action upon which relief can be granted against Defendant.

### SECOND AFFIRMATIVE DEFENSE

Each and every claim set forth in the Complaint is barred by the appropriate statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate their damages, if any, thereby precluding or diminishing their recovery herein to the extent such mitigation would have diminished or avoided their damages.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs have by their own acts, conduct and omissions, waived whatever rights they might have had based on the allegations of the Complaint against Defendant.

### FIFTH AFFIRMATIVE DEFENSE

Defendant has met his duty of good faith and fair dealing.

### SIXTH AFFIRMATIVE DEFENSE

Defendant has fully performed all the conditions and covenants required to be performed by them under the agreements described in the Complaint unless and until prevented from doing so by Plaintiffs or third parties.

Defendant's Answer to Complaint; Counterclaim

## SEVENTH AFFIRMATIVE DEFENSE

The Complaint, and each cause of action thereof, is barred by the equitable doctrine of laches.

## EIGHTH AFFIRMATIVE DEFENSE

The Complaint, and each cause of action thereof, is barred by the equitable doctrine of estoppel.

## NINTH AFFIRMATIVE DEFENSE

The Complaint, and each cause of action thereof, is barred by the equitable doctrine of bad faith.

## TENTH AFFIRMATIVE DEFENSE

The Complaint, and each cause of action thereof, is barred by the failure of a condition precedent to be performed by Plaintiffs.

## ELEVENTH AFFIRMATIVE DEFENSE

The Complaint, and each cause of action thereof, is barred by the failure and/or lack of consideration.

## TWELFTH AFFIRMATIVE DEFENSE

Defendant hereby refers to the counterclaim filed by Defendant in the within action, and by such reference, incorporates the same herein as though fully realleged and set forth herein.

## THIRTEENTH AFFIRMATIVE DEFENSE

Other affirmative defenses to the Complaint may be available and revealed during the course of discovery, and Defendant reserves the right to amend its Answer to include such affirmative defenses.

WHEREFORE, Defendant prays judgment as follows:

1. That Plaintiffs take nothing by reason of their claims herein;
2. That the Complaint be dismissed with prejudice;
3. That Defendant be awarded his costs and attorney fees incurred herein;
4. For such other relief as the Court deems just and proper.

Defendant's Answer to Complaint; Counterclaim

# COUNTERCLAIM FOR ACCOUNTING, DECLARATORY RELIEF, BREACH OF WRITTEN CONTRACT, AND BREACH OF FIDUCIARY DUTY

Counterclaimant JOSEPH STEWART ("**Stewart**"), by and through his attorneys of record, Feldman McLaughlin Thiel LLP, alleges:

1. Counterdefendant SMC CONTRACTING, INC. ("**SMC Contracting**"), is and at all times material herein was a corporation duly organized in the State of Nevada, qualified to conduct business in California, and licensed as a general contractor by the California State Contractors License Board.

2. Counterdefendant RICHARD SCHALLER ("**Schaller**") is and at all times material herein was an individual, shareholder, director, and officer of SMC Contracting, and its qualified individual under SMC Contracting's general contractor's license issued by the California State Contractors License Board.

3. The true names and capacities, whether individual, corporate, associate or otherwise, of Counterdefendants named herein as ROES 1 through 10, inclusive, are unknown to Counterclaimant who therefore sues these Counterdefendants by such fictitious names. Counterclaimant will seek leave to amend this Counterclaim to allege their true names and capacities when ascertained.

4. Counterclaimant is informed and believes, and thereon alleges, that each counterdefendant is the agent or employee of each other counterdefendant, and that in doing the things hereafter alleged was acting in the course and scope of said agency or employment.

5. SMC Contracting specializes in the construction of hotels and other structures used in the hospitality industry and only bids and performs construction work in California, primarily in and around Truckee, California, and the California side of Lake Tahoe.

6. SMC Contracting does not hold a Nevada contractor's license and does not bid or perform construction work in Nevada.

7. Effective May 1, 2010, Schaller and Stewart entered into a Subscription Agreement pursuant to which Stewart purchased nine hundred sixty (960) shares of stock of SMC Contracting. As a result of the stock purchase, Schaller and Stewart are and at all times

material herein were the sole shareholders of SMC Contracting, Schaller owning fifty-one percent (51%) of the shares of stock and Stewart owning forty-nine percent (49%) of the shares of stock.

8. On or about May 1, 2010, Schaller and Stewart entered into a Shareholders' Agreement to provide for certain restrictions on the transfer of their shares of stock of the SMC Contracting and for the purchase by the other shareholder or the corporation of such shares upon the occurrence of certain events.

9. In addition to being a shareholder, Stewart was also an officer and employee of SMC Contracting and, during his employment with SMC Contracting, Stewart performed, among other things, preconstruction work, bid on projects, and managed construction projects in California for SMC Contracting.

10. Stewart was compensated by SMC Contracting for the services he provided to the company and, as a shareholder, Stewart shared in the revenues of SMC Contracting.

11. SMC Construction Co. ("**SMC Construction**") is a Nevada corporation that is a separate and distinct entity from SMC Contracting and which is wholly-owned by Schaller.

12. SMC Construction is licensed as a general contractor by Nevada State Contractors Board and specializes in the construction of hotels and other structures used in the hospitality industry and only bids and construction work in Nevada, primarily in and around Reno, Nevada, and the Nevada side of Lake Tahoe.

13. Schaller is the qualified individual under SMC Construction's general contractor's license issued by the Nevada State Contractors Board.

14. SMC Construction does not hold a California contractor's license and does not bid or perform construction work in California.

15. In or about November 2014, Schaller and Stewart entered into an oral agreement pursuant to which Schaller promised and represented to Stewart that Stewart would become a shareholder and equity partner in SMC Construction holding forty-nine percent (49%) of the shares of stock of SMC Construction upon the occurrence of certain events.

Defendant's Answer to Complaint; Counterclaim

16. In reliance on Schaller's representations that Stewart would be made a shareholder and equity partner in SMC Construction, Stewart performed, among other things, preconstruction work, bid on projects, and managed construction projects on the Nevada side of Lake Tahoe for SMC Construction under SMC Construction's Nevada contractor's license, including, without limitation, the renovation of the Hard Rock Hotel & Casino, the construction of the hotel at Edgewood Tahoe, and the construction of the Heavenly Coaster.

17. Despite his representations that Stewart would be made a shareholder of SMC Construction, Schaller never conveyed any shares of SMC Construction to Stewart, and Stewart was never compensated for the services he provided to SMC Construction and never shared in the revenues of SMC Construction derived from the projects managed by Stewart for SMC Construction.

18. SMC Contracting never shared in the revenues received by SMC Construction and generated by Stewart's preconstruction work, bidding and managing construction projects on the Nevada side of Lake Tahoe for SMC Construction.

19. Effective February 5, 2017, Schaller terminated Stewart as an officer and employee of SMC Contracting, thereby triggering the mandatory redemption provisions of the parties' Shareholders' Agreement, pursuant to which SMC Contracting is obligated to purchase Stewart's shares of stock in the corporation for the book value of the shares as determined by the certified public accountant regularly engaged by the corporation.

20. Counterdefendants' accountant initially determined that the book value of the stock of SMC Contracting as of the valuation date (February 28, 2017) was Two Million Five Hundred Seven Thousand Two Hundred Sixty Dollars ($2,507,260). Based thereon, the book value of Stewart's shares of stock is One Million Two Hundred Twenty-Eight Thousand Five Hundred Fifty-Seven Dollars ($1,228,557).

21. Thereafter, Schaller wrongfully deducting from the book value of the stock certain contract retention and potential claims liability, resulting in a contrived book value of the stock of SMC Contracting in the amount of One Million Three Hundred Sixty-Three Thousand Four Hundred Fourteen Dollars ($1,363,414). Based thereon, Schaller asserted that the book

value of Stewart's shares of stock was Six Hundred Sixty-Eight Thousand Seventy-Three Dollars ($668,073).

22. Following Stewart's inquires as to the viability of Schaller's deductions from book value, Schaller asserted to have discovered a bookkeeping error from fiscal years 2013 and 2015 and further reduced the book value of the stock of SMC Contracting by One Million Nine Thousand Eight Hundred Seven Dollars ($1,009,807). Based thereon, Schaller asserted that the book value of Stewart's shares was Two Hundred Eighty-Two Thousand One Hundred Seventy-Seven Dollars ($282,177).

23. Stewart is informed and believes and thereon alleges that Schaller has not accurately or properly credited SMC Contracting's books and records with the revenues due to SMC Contracting as a result of Stewart's preconstruction work, bidding, and management of construction projects on the Nevada side of Lake Tahoe for SMC Construction, thereby artificially reducing the book value of SMC Contracting's stock.

## FIRST CLAIM FOR RELIEF

### (Accounting)

24. Stewart incorporates each and every allegation contained in each and every preceding paragraph of this Counterclaim as if fully set forth herein.

25. The amount of money due Stewart from SMC Contracting under the mandatory redemption provisions of the Shareholders' Agreement is unknown to Stewart and cannot be ascertained without an audit and accounting of SMC Contracting's books and records and a reconciliation of the revenues that should have been credited to SMC Contracting as a result of Stewart's management of Nevada construction projects for SMC Construction, all to determine the true and accurate book value of the corporation as of February 28, 2017.

## SECOND CLAIM FOR RELIEF

### (Declaratory Relief)

26. Stewart incorporates each and every allegation contained in each and every preceding paragraph of this Counterclaim as if fully set forth herein.

27. An actual controversy has arisen and now exists between Stewart and

Defendant's Answer to Complaint; Counterclaim

1  Counterdefendants concerning their respective rights and duties under the Shareholders'
2  Agreement in that Counterdefendants have valued Stewart's shares of stock at Two Hundred
3  Eighty-Two Thousand One Hundred Seventy-Seven Dollars ($282,177); and whereas Stewart
4  disputes this valuation, alleges that Counterdefendants have not properly credited SMC
5  Contracting with the revenues due to it as a result of Stewart's management of Nevada
6  construction projects for SMC Construction, and alleges that the true book value of SMC
7  Contracting's stock is substantially more than as reported by Schaller.

   28.  Stewart desires a judicial determination of the rights and duties of the parties with respect to the Shareholders' Agreement and a determination of the book value of the corporation as of February 28, 2017.

   29.  A judicial declaration is necessary and appropriate at this time under the circumstances in order that the parties may ascertain their respective rights and duties under the aforementioned instrument.

## THIRD CLAIM FOR RELIEF

(Breach of Written Contract)

   30.  Stewart incorporates each and every allegation contained in each and every preceding paragraph of this Counterclaim as if fully set forth herein.

   31.  Schaller has breached his obligations under the Shareholders' Agreement by contriving the book value of SMC Contracting's stock in order to minimize the value of Stewart's shares, as more particularly set forth in the preceding paragraphs, and by denying Stewart payment of the true value of his shares of stock in contravention of the mandatory redemption provisions of the Shareholders' Agreement.

   32.  Stewart performed all of the duties and conditions of the Shareholders' Agreement to be performed on his part.

   33.  As a proximate result of Schaller's breach of contract, Stewart has suffered, and continues to suffer, damages according to proof at the time of trial.

///
///

## FOURTH CLAIM FOR RELIEF

(Breach of Fiduciary Duty)

34. Stewart incorporates each and every allegation contained in each and every preceding paragraph of this Counterclaim as if fully set forth herein.

35. Schaller, as majority shareholder, director and officer of SMC Contracting owes a fiduciary duty of the highest good faith, honesty and disclosure toward Stewart.

36. Schaller breached his fiduciary duties to Stewart by, among other things, failing to account for revenues properly due to SMC Contracting arising from Stewart's management of Nevada construction projects for SMC Construction, by contriving the book value of SMC Contracting's stock in order to minimize the value of Stewart's shares of stock and deny Stewart payment of the true value of his shares, and by refusing to provide Stewart with the corporate financial books and records so as to allow Stewart to determine the true book value of the corporation.

37. As a proximate result of Schaller's breach of his fiduciary duties, Stewart has suffered, and continues to suffer, damages according to proof at the time of trial.

WHEREFORE, Counterclaimant Joseph Stewart prays judgment against Counterdefendants SMC Contracting, Inc., and Richard Schaller as follows:

1. For an accounting of the books and records of SMC Contracting;

2. For a declaration of the book value of the stock of SMC Contracting as of February 28, 2017;

3. For payment to Stewart of the amount of forty-nine percent (49%) of the book value of SMC Contracting as of February 28, 2017, with interest thereon;

4. For compensatory damages according to proof at the time of trial.

5. For exemplary and punitive damages according to proof at the time of trial.

6. For reasonable attorney's fees as provided in the Shareholder's Agreement and cost of suit herein incurred;

/ / /

/ / /

7. For such other and further relief as the Court may deem proper.

DATED: May 23, 2017

FELDMAN McLAUGHLIN THIEL LLP

By: _____
Michael J. McLaughlin
Attorneys for Defendant and Counterclaimant
JOSEPH STEWART

# CERTIFICATE OF SERVICE

I hereby certify on this 23rd day of May, 2017, that the foregoing **DEFENDANT'S ANSWER TO COMPLAINT; COUNTERCLAIM FOR ACCOUNTING, DECLARATORY RELIEF, BREACH OF WRITTEN CONTRACT, AND BREACH OF FIDUCIARY DUTY** was served via the Court's CM/ECF system on all parties or persons requesting notice.

Dated: May 23, 2017

By: /s/ Lynsey DeSanto
Lynsey DeSanto, employee of Feldman McLaughlin Thiel