KENT ROBISON, ESQ. – NSB #1167
krobison@rbsllaw.com
SCOTT L. HERNANDEZ – NSB #13147
shernandez@rbsllaw.com
**Robison, Belaustegui, Sharp & Low**
A Professional Corporation
71 Washington Street
Reno, Nevada 89503
Telephone:     775-329-3151
Facsimile:      775-329-7169
*Attorneys for Plaintiffs*
        *and Counterdefendants*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| SMC CONTRACTING, INC., a Nevada corporation; RICHARD SCHALLER, an individual; SMC CONSTRUCTION CO., a Nevada corporation,<br><br>        Plaintiffs,<br>vs.<br><br>JOSEPH STEWART, an individual; and DOES 1-5,<br>        Defendants. | **CASE NO.: 3:17-cv-00313-HDM-VPC**<br><br>**FIRST AMENDED COMPLAINT** |
| Joseph Stewart, an individual,<br><br>        Counterclaimant,<br>vs.<br><br>SMC CONTRACTING, INC., a Nevada corporation; RICHARD SCHALLER, an individual; SMC CONSTRUCTION CO., a Nevada corporation; and ROES 1 through 10,<br><br>        Counterdefendants. | |

SMC Contracting, Inc., Richard Schaller and SMC Construction Co. (collectively, the "Plaintiffs") allege as follows:

///

## PARTIES

1. Plaintiff SMC Contracting, Inc. is a Nevada corporation with its principal place of business located in Washoe County, Nevada, and holds a Class B general contractors license by the California Contractors State License Board.

2. Plaintiff Richard Schaller is an individual who resides in Washoe County, Nevada.

3. SMC Construction Co. is a Nevada corporation with its principal place of business located in Washoe County, Nevada, and holds a Class B general contractors license issued by the Nevada State Contractors Board.

4. Defendant Joseph Stewart is an individual who resides in South Lake Tahoe, California.

5. Does 1 through 5, and each of them, are unknown to Plaintiffs at the present time, and the Plaintiffs therefore sue said Defendants by such fictitious names. Plaintiffs are informed and believe and thereon allege that each of the Defendants designated herein as Does are responsible for the claims and damages alleged herein. Once discovery has disclosed the true identities of such parties, Plaintiffs will seek leave of this Court to amend their Complaint to insert the true names and capacities of said Defendant Does 1 through 5, inclusive, to join such Defendants in this action.

## GENERAL ALLEGATIONS

**A. Background – SMC Contracting**

6. SMC Contracting is a general contractor, which specializes in the construction of hotels and other structures used in the hospitality industry, as well as buildings used by the medical industry and schools. SMC Contracting primarily bids and performs construction work in and around Truckee, California and the California side of Lake Tahoe.

7. SMC Contracting was established by Mr. Schaller in or about 2000. Mr. Schaller is the qualified individual for SMC Contracting's general contractor license.

8. In or about May 2010, Mr. Schaller conveyed 49% of his shares in SMC Contracting to Defendant Stewart, subject to a Shareholder Agreement. To date, Mr. Schaller is

the owner of 51% of SMC Contracting's stock and Defendant Stewart owns 49% of SMC Contracting's stock.

9. Defendant Stewart was also made an officer of SMC Contracting in or about May 2010.

10. Defendant Stewart is currently associated with and is designated as an officer under SMC Contracting's license with the California Contractors State License Board.

11. As a 49% shareholder and officer of SMC Contracting, Defendant Stewart owes fiduciary duties including, but not limited to, the duties of full disclosure, candor, and loyalty, to SMC Contracting and Mr. Schaller.

12. As the Vice President of SMC Contracting, Defendant Stewart often bid, negotiated, and executed contracts on behalf of SMC Contracting.

13. Defendant Stewart also performed extensive work as a project manager for SMC Construction Co.—SMC Contracting's sister company—which builds in the State of Nevada.

14. On or about February 3, 2017, Defendant Stewart came to the Plaintiffs' principal offices at 1086 Greg Street in Sparks, Nevada. At this meeting, Defendant Stewart stated that he was ending his employment with SMC Construction and SMC Contracting in order to start a new general contracting business.

15. Upon termination of Defendant Stewart's employment with SMC Contracting, the mandatory redemption provisions of the Shareholder Agreement are triggered. Under the Shareholder Agreement, in absence of an agreement of the parties regarding the purchase price for SMC Contracting stock, Defendant Stewart's redemption price for his shares "shall be the book value of those Shares of Stock on the Valuation Date determined by the certified public accountant regularly engaged by [SMC Contracting]."

16. Plaintiffs thereafter learned that Defendant Stewart formed Defendant Sierracon, Inc. on or about May 2016 and has secured a general contractor license from the California Contractors State License Board.

17. Further, since Defendant Stewart's termination, Plaintiffs have audited the SMC Contracting construction projects that Defendant Stewart managed and supervised. There have

been substantial claims against and losses incurred by SMC Contracting related to Defendant Stewart's negligent or grossly negligent management of SMC Contracting projects.

18. Plaintiffs accounted for certain contract retention and potential claims liability in its accounting of the book value of SMC Contracting, resulting in a book value of $1,363,413.85. Accordingly, Defendant Stewart was paid 25% of the value of his 49% share of SMC Contracting stock in the amount of $167,018.20 on or about March 30, 2017.

19. After the payment to Defendant Stewart, a substantial accounting error was discovered resulting in an adjusted book value of SMC Contracting of $575,871. Therefore, the remaining balance owed to Defendant Stewart is $115,159, which pursuant to the Shareholder Agreement will be paid in twenty-four (24) equal monthly installments.

20. Defendant Stewart has challenged the amount and process for determining SMC Contracting's book value.

**B. Background – SMC Construction**

21. SMC Construction is a general contractor, which specializes in the construction of hotels and other structures used in the hospitality industry. SMC Construction primarily bids and performs construction work in and around Reno, Nevada, and the Nevada side of Lake Tahoe.

22. SMC Construction was established by Richard Schaller in or about 1994. Mr. Schaller is the qualified individual for SMC Construction's general contractor license.

23. SMC Construction entered into a contract to construct the Hard Rock Hotel & Casino, located in Stateline, Nevada (the "Hard Rock Project").

24. Stewart accepted a role as project manager for the Hard Rock Project.

25. In consideration of Stewart's work on the Hard Rock Project, he and Mr. Schaller verbally agreed that upon completion of the Hard Rock Project that the profit, if any, SMC Construction derived from the Hard Rock Project would serve as consideration for Stewart to receive 49% of the shares in SMC Construction.

26. Following the establishment of this verbal agreement, Stewart began to grossly mismanage the Hard Rock Project including, but not limited to, excessive absenteeism, refusing to establish a proper construction schedule and failing to seek concessions of time and money from

Robison, Belaustegui, Sharp & Low
71 Washington St.
Reno, NV 89503
(775) 329-3151

SMC Construction's subcontractors and the owners of the Hard Rock Project.

27. On information and belief, Stewart's absence from the Hard Rock Project and general mismanagement was due, in large part, to Stewart's establishment of Sierracon, Inc., a new and competing general contractor that Stewart founded surreptitiously.

28. Due to Stewart's gross mismanagement and misconduct, SMC Construction lost at least $3,197,791 on the Hard Rock Project and continues to incur costs related to financing amounts owed by SMC Construction due to Stewart's conduct. Accordingly, there was no profit derived from the Hard Rock Project.

## FIRST CLAIM FOR RELIEF
### (SMC Contracting and Schaller v. Stewart - Declaratory Relief)

29. The Plaintiffs incorporate by reference all prior allegations of this Complaint as though set forth herein.

30. A dispute has arisen regarding the book value of SMC Contracting, the process for determining the book value of SMC Contracting, and whether losses incurred due to Defendant Stewart's misconduct and negligence should be accounted in SMC Contracting's book value.

31. Pursuant to NRS Article 30, Plaintiffs seek a declaratory judgment regarding the book value of SMC Contracting and the sums due Defendant Stewart in light of his conduct.

## SECOND CLAIM FOR RELIEF
### (SMC Construction and Schaller v. Stewart – Breach of Oral Contract)

32. The Plaintiffs incorporate by reference all prior allegations of this Complaint as though set forth herein.

33. Schaller entered into an oral agreement with Stewart whereby Stewart would serve as the project manager for the Hard Rock Project and would receive a 49% interest in SMC Construction if any profit was realized from the Hard Rock Project.

34. SMC Construction was an intended third-party beneficiary to this oral agreement.

35. Schaller was excused from performance under the oral agreement, because SMC Construction lost money on the Hard Rock Project and no profit was realized.

36. Stewart breached the oral agreement by mismanaging the Hard Rock Project and not fulfilling the basic requirements of a project manager on a construction project.

Robison, Belaustegui,
Sharp & Low
71 Washington St.
Reno, NV 89503
(775) 329-3151

37. As a proximate result of Stewart's breach of the oral agreement, Schaller and SMC Contracting suffered and continues to suffer damages according to proof at the time of trial.

### THIRD CLAIM FOR RELIEF
### (SMC Construction and Schaller v. Stewart – Breach of the Implied Covenant of Good Faith and Fair Dealing)

38. The Plaintiffs incorporate by reference all prior allegations of this Complaint as though set forth herein.

39. Schaller entered into an oral agreement with Stewart whereby Stewart would serve as the project manager for the Hard Rock Project and would receive a 49% interest in SMC Construction if any profit was realized from the Hard Rock Project.

40. SMC Construction was an intended third-party beneficiary to this oral agreement.

41. Implied in every contract is a covenant of good faith and fair dealing. Stewart owed both Schaller and SMC Construction a duty of good faith in acting as project manager of the Hard Rock Project.

42. Stewart breached his duty of good faith and fair dealing by performing in a manner that was unfaithful to the purpose of the agreement.

43. Stewart concealed or suppressed material facts from SMC Construction including, but not limited to, substantial delays to the Hard Rock Project schedule, cost overruns being incurred by SMC Construction, and the owner of the Hard Rock Project's creeping scope of work.

44. Stewart intentionally concealed or suppressed material facts with the intent to induce SMC Construction to act differently than it would have had the facts been known. For example, SMC Construction could have terminated the contract for the Hard Rock Project, sought a timely request for equitable adjustment, or replaced Stewart with a competent project manager.

45. SMC Construction was unaware of the material facts and would have acted differently had the material or suppressed facts had been known.

46. On information and belief, Stewart also engaged in other courses of conduct that deprived Schaller and SMC Construction of their justified expectations under the oral agreement.

47. A special element of reliance, fiduciary duty, or both, existed between Schaller and SMC Construction and Stewart, because Stewart was in a superior or entrusted position.

Robison, Belaustegui,
Sharp & Low
71 Washington St.
Reno, NV 89503
(775) 329-3151

48. As a proximate result of Stewart's breach of the implied covenant, Schaller and SMC Construction has suffered and continues to suffer damages according to proof at the time of trial.

### FOURTH CLAIM FOR RELIEF
### (SMC Construction v. Stewart – Breach of Fiduciary Duty)

49. The Plaintiffs incorporate by reference all prior allegations of this Complaint as though set forth herein.

50. Stewart served as SMC Construction's agent for all purposes related to the Hard Rock Project.

51. As SMC Construction's agent, Stewart owed fiduciary duties to SMC Construction.

52. Stewart breached his fiduciary duties to SMC Construction by, among other things, spending time on his own ventures instead of properly managing the Hard Rock Project, failing to communicate the problems with the Hard Rock Project to the principals of SMC Construction, and establishing favorable relationships with subcontractors and vendors to the detriment of SMC Construction in order to capitalize on those relationships in his other ventures.

53. As a proximate result of Stewart's breach of fidelity, SMC Construction has suffered and continues to suffer damages according to proof at the time of trial.

WHERFORE, Plaintiffs seek judgment against the Defendant, Joseph Stewart, as follows:

1. For declaratory relief, declaring the book value of SMC Contracting;
2. For declaratory relief, declaring the amount due and owing to Defendant Stewart;
3. For compensatory damages according to proof at trial;
4. For attorneys' fees and court costs; and
5. For all other necessary and appropriate relief as determined by this Honorable

### AFFIRMATION
### Pursuant to NRS 239B.030

The undersigned does hereby affirm that this document does not contain the social security

/ / /

/ / /

/ / /

number of any person.

DATED this 13th day of July, 2017.

>ROBISON, BELAUSTEGUI, SHARP & LOW
>A Professional Corporation
>71 Washington Street
>Reno, Nevada  89503
>
>
>/S/ SCOTT L. HERNANDEZ
>KENT R. ROBISON
>SCOTT L. HERNANDEZ
>*Attorneys for Plaintiffs and Counterdefendants*

## CERTIFICATE OF SERVICE

I hereby certify that I am an employee of Robison, Belaustegui, Sharp & Low and that on this date I served a full, true and correct copy of the foregoing **FIRST AMENDED COMPLAINT** via the United States District Court's CM/ECF filing system upon the following:

MICHAEL J. McLAUGHLIN, ESQ.
Feldman McLaughlin Thiel LLP
178 U.S. Highway 50, Suite B
P.O. Box 1309
Zephyr Cove, NV 89448
Facsimile: 775-580-7436
Email: mike@fmttahoe.com
*Attorneys for Defendant and Counterclaimant Joseph Stewart*

Dated: July 13, 2017.

_____
V. JAYNE FERRETTO